HARRIS, Chief Judge.
Juan Robaina timely appeals from a partial summary judgment in favor of Frank E. Benn. We reverse.
Robaina, as president of J.A.R. Land Development Corporation, executed and delivered a promissory note for $150,000 in favor of Benn, as trustee of the Frank E. Benn Revocable Trust Agreement. The note was secured by two mortgages, one on property in Marion County owned by J.A.R. Development and one on property in Dade County, owned by appellant individually.
J.A.R. Development defaulted on the promissory note and Benn filed a mortgage foreclosure action in Dade County, seeking foreclosure on the Dade County property. A final judgment of foreclosure was entered in Benn’s favor and the property was subsequently sold to Benn at public sale. A Certificate of Title was issued. No deficiency judgment was sought.
Several months later, Benn filed suit against Robaina, individually, in Marion County, seeking to foreclose on the Marion property alleging that $75,000 (the amount of principal also claimed in the Dade County action) remained due and owing. Benn filed a motion for summary judgment of foreclosure. Robaina responded with an answer and affirmative defenses and an affidavit in opposition to the motion for summary judgment which alleged:
7. On November 4, 1992, at the time of the public sale in the Dade County Proceedings, the value of the property which was sold by public sale exceeded the total of: (a) the amount due under the Final Judgment entered in the Dade County proceeding and; (b) any additional amounts which may be due and payable under the Note and Mortgage, for example, any prepayment penalty. As such, the Promissory Note and Mortgage which is the subject matter of these Marion County proceedings, and all charges an penalties payable thereunder, have been paid in full.
8. No action has been commenced in the Dade County proceedings by the Plaintiff which seeks a deficiency judgment on the promissory note.
Robaina filed a request for judicial notice of relevant filings made in the earlier foreclosure proceedings in Dade County.
A telephonic hearing on Benn’s motion for summary judgment was held. The trial court thereafter entered a partial summary judgment in favor of Benn, finding in part:
1. Based upon this Court’s recognition that a genuine issue of material fact exists as to the value of the property foreclosed in Dade County, Plaintiffs Motion for Summary Judgment is denied except as set forth hereinafter.
2. Notwithstanding the genuine issue of material fact as to the value of the property foreclosed in Dade County, a partial summary judgment is granted in favor of the Plaintiff and against the Defendant on the issue of liability. This Court finds and rules that notwithstanding the proceedings in Dade County, Florida, and notwith *93 standing the affirmative defenses raised by the Defendant in these Marion County proceedings, the Defendant is liable to the Plaintiff based upon the mortgage sued upon in these Marion County proceedings. The only issue left to be determined is the amount of that liability. This Court is the appropriate forum to determine that amount of that liability and as such this Court reserves ruling on that issue.
This appeal follows.
Since it is axiomatic that there can be no “liability” on a note if there is no debt owed, the court’s inconsistent partial summary judgment simply cannot stand.
In its first paragraph, the court’s judgment acknowledges a genuine issue of fact as to the value of the property first foreclosed. In its second paragraph, the judgment “finds” that Robaina is, nevertheless, liable on the note. This requires that the judge must have found that the value of the Dade property was less than the amount secured by the mortgage at the time of the foreclosure sale — otherwise, there could be no remaining liability on the note in our case. The problem is that there is absolutely nothing in the record that justifies this finding.
REVERSED and REMANDED for further proceedings.
GRIFFIN and THOMPSON, JJ., concur.